IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT E. PEARSON,

    Petitioner,

    v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-889
JUDGE GEORGE C. SMITH
Magistrate Judge Kemp

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition (Doc. 2), the return of writ (Doc. 6), and Petitioner's traverse (Doc. 7).  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this case be **DISMISSED**.

### I.  Procedural History

On December 8, 2006, the Licking County, Ohio grand jury indicted Petitioner on one count of rape, one count of burglary, and one count of gross sexual imposition.  Several specifications were also included.  Petitioner pleaded not guilty, but on the day of trial (March 21, 2007) he changed his plea to no contest as to the rape and burglary counts.  The plea agreement stated that he would receive a total sentence of 15 years. *Return of Writ*, Exhibits 1 and 3.  The same day, the trial court accepted the plea and imposed the agreed-upon fifteen-year sentence (eight years on the rape count and seven

on the burglary count, to be served consecutively), also adjudging Petitioner to be a sexual predator. *Return*, Ex. 4. Petitioner did not immediately appeal his conviction and sentence.

Almost a year later, according to the state court docket sheet, Petitioner filed a motion for court documents at the State's expense. *Return*, Ex. 34, at 4. At about the same time, he also filed a sentencing memorandum, arguing that his burglary sentence should have been run concurrently with the sentence on the rape charge. *Return*, Ex. 6. No action was taken in response to the sentencing memorandum, but the motion for documents was denied on March 18, 2008.

More than three years after that, Petitioner filed a motion to vacate his sentence, arguing that his sentence did not include certain information about the consequences of failing to register as a sex offender or violating post-release control and it was therefore void. *Return*, Ex. 8. That motion was overruled, as was a subsequent motion for resentencing. *Return*, Exs. 11 & 14. After a motion to appoint counsel was denied, Petitioner appealed those orders to Fifth District Court of Appeals. He raised five assignments of error, only one of which is relevant to this case: that the trial court erred when it failed, at sentencing, to advise him of his right to appeal, as required by Ohio R.Crim.P. 32(B). *Return,* Ex. 18. In a decision rendered on December 16, 2013, the court of appeals overruled each of Petitioner's assignments of error and affirmed his conviction and sentence. That court held that all of Petitioner's claims were barred by the doctrine of *res judicata* because he did not timely appeal after being sentenced in 2007, and that, in any event, his claims lacked merit. *State v. Pearson,* 2013 WL 6835939

(Licking Co. App. Dec. 16, 2013).  On May 14, 2014, the Ohio Supreme Court declined to consider the appeal.  *Return*, Ex. 25.

On June 2, 2014, Petitioner filed a motion in the Fifth District Court of Appeals for leave to file a delayed appeal from the entry of March 21, 2007.  As cause, he asserted that the trial court failed to advise him of his right to appeal the consecutive sentences which were imposed, and he argued that those sentences should not have been imposed without a hearing.  *Return*, Ex. 27.  The appeals court denied his motion as well as a motion to reconsider that ruling, and in an order dated February 18, 2015, the Supreme Court declined to accept jurisdiction of Petitioner's appeal.  *Return*, Exs. 28-33.

On March 12, 2015, Petitioner filed his petition for a writ of habeas corpus with this Court.  He raised only a single ground for relief: that the state trial court failed to notify him of his right to appeal.  Respondent argues that his claim was not filed within the one-year statute of limitations found in 28 U.S.C. §2244(d) and must be dismissed.

## II.  Discussion

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on April 20, 2007, a date thirty days after he was sentenced. The statute of limitations began to run on the following day. Assuming that the motion for documents which Petitioner filed in February, 2008, stopped the running of the statute - an assumption that is very favorable to Petitioner - the statute began to run again on March 18, 2008. Based on this assumption, it expired a few months later. If the February, 2008 filing did not toll the statute of limitations, it expired on April 20, 2008. Either way, well more than one year passed before Petitioner filed his habeas corpus action. The filing of his motion for delayed direct appeal in the state court did not restart the statute. *Searcy v. Carter*, 246 F.33d 515, 516 (6th Cir. 2001). Absent some justifiable reason which serves as legal cause for the delay, Petitioner's claim is clearly time-barred.

## B.  Equitable Tolling

Petitioner might contend that the alleged failure of the trial court to advise him of his appellate rights served to equitably toll the running of the statute of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 406, 418 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").  That claim, if made, would fail for several reasons. First, while the transcript of the sentencing hearing shows that the trial judge did not orally advise Petitioner of his right to appeal the sentence, the plea document which Petitioner signed that same day (*Return*, Ex. 3) explicitly states that "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal by me must be filed within thirty (30) days of my sentence."  Petitioner's acknowledgment that, by signing the plea agreement, he understood those rights, substantially undercuts any claim that he did not realize he could appeal or that the trial court's failure to tell him so as part of the oral exchange during sentencing somehow excused his failure to file a habeas corpus petition over the next seven years.  Further, delays in the state appellate process do not necessarily excuse the failure timely to file a federal habeas corpus petition.  *See, e.g., Miller v. Cason*, 49 Fed.Appx. 495, 497 (6th Cir. Sept. 27, 2002)(even though petitioner alleged that the state court failed to give him notice of his appeal rights at sentencing, petitioner "has failed to explain how the actions prevented him from filing his federal habeas corpus petition" in a timely fashion).  Additionally, due diligence in asserting one's rights is an important component of equitable tolling.  *See Holland v.*

*Florida*, 560 U.S. 631, 649 (2010).  Given the number of different matters which Petitioner filed in the state courts between 2008 and 2015, this Court cannot say that he exercised any particular diligence in filing his federal habeas corpus action.  And, as this Court said in a case almost identical to this one, where, as here, the petitioner signed a written acknowledgment of his appellate rights but claimed they were not orally explained to him at sentencing,

> Despite the fact that he was made aware of his right to an appeal at the time he entered his guilty pleas, including the limited 30-day time frame in which to perfect an appeal as of right, petitioner took no action to challenge his conviction until nearly one and one-half years after the entry of the trial court's judgment on June 30, 2004. To the extent petitioner may argue the plea agreement was vague, failed to specifically advise him about his right to court-appointed counsel on appeal free of cost, and could be misinterpreted as to the issues he could raise on appeal, petitioner has not provided an adequate explanation for his one and one-half year delay in pursuing any relief in the state courts.

*Howard v. Erwin*, 2007 WL 1026373, *8 (S.D. Ohio March 30, 2007).

Finally, Petitioner has made no showing of actual innocence, which would be difficult given his no contest plea in state court.  For all these reasons, the Court finds that there are no circumstances to excuse Petitioner's untimely filing of his federal habeas corpus petition, and that it should be dismissed as time-barred.

### III.  Recommendation

For all of the reasons stated above, it is recommended that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED.**

### IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge