**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT E. PEARSON,**

        **Petitioner,**

           **v.**

**WARDEN, MARION**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

**CASE NO. 2:15-CV-889**
**JUDGE GEORGE C. SMITH**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On April 5, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (ECF No. 8). Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 11). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

This case involves Petitioner's March 2007 convictions pursuant to his guilty plea on rape and burglary in the Licking County Court of Common Pleas. The trial court imposed the agreed-upon sentence of fifteen years incarceration (eight years on the rape count and seven on the burglary count, such sentences to be served consecutively). Petitioner did not file a timely appeal. Approximately one year later, he filed a sentencing memorandum, arguing that his sentences should have run concurrently to each other. On March 18, 2008, the trial court denied the motion. More than three years later, Petitioner filed a motion to vacate sentence and motion

for re-sentencing.  The trial court denied those motions, and on December 16, 2013, the appellate court affirmed the trial court's decision.  On May 14, 2014, the Ohio Supreme Court declined review.  On June 2, 2014, Petitioner filed a motion for leave to file a delayed appeal.  He asserted as cause for his untimely filing that the trial court had failed to advise him of the right to appeal imposition of consecutive terms of incarceration, and that such sentence should not have been imposed without a hearing.  The appeals court denied his motion and a motion to reconsider, and on February 18, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  On March 12, 2015, Petitioner filed the instant § 2254 petition.  He asserts that the state trial court failed to notify him of his right to appeal.  The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred.  Petitioner argues that the statute of limitations did not begin to run until February 18, 2015, when the Ohio Supreme Court declined jurisdiction of his motion for leave to file a delayed appeal in the state appellate court, and that this action therefore is timely.  He argues that he was denied his right to appeal based on the trial court's failure to advise him of his right to appeal during his guilty plea colloquy.

Under the terms of 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  Here, that was in April 2007, thirty days after imposition of sentence, when the time period expired to file a timely appeal.  The statute of limitations therefore expired long before Petitioner filed this habeas corpus petition.  Further, the filing of a motion for a delayed appeal does not cause the statute of limitations to begin to run anew.  *See Search v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(citing *Raynor v. Dufrain*, 28

F.Supp.2d 896, 898 (S.D.N.Y. 1998).  As noted by the Magistrate Judge, in his signed plea agreement, Petitioner acknowledged that he understood his right to appeal and that any appeal must be filed within thirty days.  Further, the record fails to reflect that Petitioner exercised diligence, particularly given the lengthy period of time between entry of his guilty plea and the filing of this action.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 11) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

IT IS SO ORDERED.

_____*\s\ George C. Smith*_____ _
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

3